UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID MCMORRIS,

       Plaintiff,                      Civil Action No.
                                             14-CV-11134

vs.

                                             Honorable Patrick J. Duggan

CHARTER TOWNSHIP OF FLINT
POLICE DEPARTMENT,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO FILE JURY DEMAND

       This is a civil rights case brought under 42 U.S.C. § 1983. Plaintiff John David McMorris claims that he was arrested and jailed in violation of his rights under the United States Constitution. The complaint also contains pendent state law claims. The matter is presently before the Court on Plaintiff's motion to file a jury demand. For the reasons that follow, the Court will deny the motion.

       This case was originally filed in state court on February 13, 2014, and removed on March 17, 2014. Plaintiff did not file a jury demand with his original complaint. Thus, the Court's docket presently reflects that this is a bench trial case. On June 10, 2014, the Court issued a stipulated order allowing Plaintiff to file an amended complaint. Plaintiff has not yet filed his amended complaint; instead, he filed the present motion asking for the Court's permission to include a jury demand in his amended complaint. Defendant contests the motion because, according to Defendant, Plaintiff "waived his right to a jury trial when he did not file a jury demand with his [original] Complaint." Dkt. 7 (Page ID 46). In support, Defendant relies on Federal Rule of Civil Procedure 38(d).

Federal Rule of Civil Procedure 38(b) provides, in pertinent part: "On any issue triable of right by a jury, a party may demand a jury trial by . . . (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served."  In cases like the present one where the only pleadings are a complaint and an answer, a jury demand must be served within fourteen days of the service of the answer.  *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2320 (3d ed. 2008) ("To satisfy the requirements of Rule 38(b)(1), if the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than [fourteen] days after service of the answer.").  Defendant served its answer in the present case on March 17, 2014.  Plaintiff filed his motion seeking permission to file a jury demand on June 6, 2014, significantly more than fourteen days after Defendant served its answer.  Thus, Plaintiff has waived his right to have the issues asserted in the original complaint tried by a jury.

As mentioned, the Court has issued an order allowing Plaintiff to file an amended complaint, but the amended complaint has not yet been filed.  Whether the filing of an amended complaint revives the right to seek a jury demand depends on the substance of the amended complaint:

> A demand may be made within [fourteen] days after service of the amended or supplemental pleading but only for new issues raised by that pleading. . . . On the other hand, the amended or supplemental pleading does not revive a right to jury trial previously waived on the issues already framed by the original pleadings. Thus, if the amended or supplemental pleading does not raise a new issue, but merely changes the theory of the case or the relief requested, then a jury trial right previously waived by a failure to make a demand in connection with the original pleading is not revived.  Numerous cases illustrating the policy against reviving the right to demand a jury trial through the mechanism of interposing a new pleading are cited in the note below.

*Id.* (footnotes omitted). *See also* 8 James Wm. Moore, Moore's Federal Practice § 38.50[8] (3d ed. 2014) (discussing revival of right to seek jury demand in a variety of circumstances, including where amended complaint raises new issues and/or adds or changes parties).

Because the amended complaint has not yet been filed, the Court cannot assess whether Plaintiff would be entitled to a trial by jury with respect to any issues – other than the ones alleged in the original complaint – contained therein. With respect to the issues contained in the original complaint, the Court **DENIES** Plaintiff's motion. This order does not prevent Plaintiff from demanding a jury trial with respect to issues raised in any amended complaint that were not raised in the original complaint, as permitted under prevailing legal authority. *See generally* 9 Wright & Miller at § 2320; 8 Moore's Federal Practice at § 38.50[8].

**SO ORDERED**.


Dated: June 25, 2014                s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE


Copies to:

Craig L. McAra, Esq.
G. Gus Morris, Esq.